UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JULIAN VALDIVIAS SOLORIO,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No. 2:26-cv-00976-ART-DJA

Petitioner Julian Valdivias Solorio has been detained in the Nevada Southern Detention Center since February 26, 2026. He brings this habeas petition (ECF No. 7) against Respondents to challenge his unlawful detention. The Court finds that Petitioner is entitled to a constitutionally adequate bond hearing, given procedural deficiencies that occurred as Petitioner previously sought release on bond. The Court now grants his petition for habeas corpus and orders that Petitioner be provided a constitutionally adequate bond hearing in immigration court.

## I. Background

Petitioner is a citizen of Mexico who was brought to the United States as a young child in 2002. (ECF No. 7 at 5). He was raised in Las Vegas and began his career as a full-time landscaper in the city. *Id.* at 6. Petitioner has two children who are American citizens and a fiancé within the country. *Id.*

In 2021, Petitioner was arrested for reckless driving and sentenced to two to six years in state prison. *Id.* He served 3.5 years of this sentence before his release on February 26, 2026. (ECF No. 10 at 3). On the day of his release, ICE detained Petitioner and served him with a Notice to Appear, initiating removal proceedings. (ECF No. 9-1). In their I-213 detention form, ICE states that

Petitioner has two Category B felonies: reckless driving and trafficking in controlled substance. (ECF No. 7-2 at 4). Petitioner maintains that they do not have a drug trafficking conviction, (ECF No. 7 at 6), and Respondents concede that an immigration judge ("IJ") later "determined that the drug trafficking conviction was an error." (ECF No. 9 at 8–9).

On March 25, 2026, Petitioner made an initial appearance before an IJ and requested release on bond. (*See* ECF No. 15.) The IJ found that they lacked jurisdiction to issue release on bond, because Petitioner was an "applicant for admission" under current law. (*Id.*; ECF No. 7 at 7). Petitioner then filed a pro se request for a bond hearing on April 6, 2026. (ECF No. 7-4).

The IJ conducted a custody redetermination hearing on April 14, 2026. The IJ verbally denied bond on the basis of Petitioner's reckless driving conviction and his failure to demonstrate that he was not a danger to the community. (ECF No. 15; ECF No. 7 at 7). However, the IJ's written order denied bond because of Petitioner's reckless driving and drug trafficking convictions, in addition to Petitioner's failure to demonstrate "he is not a danger to the community." (ECF 7-3 at 2). Petitioner has remained in detention for over six months, since his transfer to ICE custody on February 26, 2026.

## II. Legal Standards

### A. Habeas Corpus Under 28 U.S.C. § 2241

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

**B. Abuse of Discretion Review: Denial of Bond**

In *Martinez v. Clark*, the Ninth Circuit clarified that a district court's habeas review of a denial of bond by an IJ is limited to whether the IJ abused their discretion in applying the correct legal standard. 124 F.4th 775, 782-83 (9th Cir. 2024). The court explained in *Martinez* that "'factual question[s] raised in an application for discretionary relief' remain unreviewable." *Id.* at 782-83 (citing *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024)). The district court may properly review in a habeas petition whether the IJ abused their discretion in the application of "a legal standard" "to a given set of facts," including a finding of dangerousness or flight risk that precludes issuance of bond. *Id.* at 784 (citing *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014). Under this standard, courts "cannot reweigh evidence … [but] can [only] determine whether the [IJ] applied the correct legal standard." *Id.* at 785 (citing *Konou*, 750 F.3d at 1127) (alterations in original).

Thus, a district court may review under an abuse of discretion standard whether the IJ "properly considered the factors set forth in" *In Re Guerra*, 24 I. & N. Dec. 37 (BIA 2006). *Id.* Under *Guerra*, to determine whether a noncitizen "is a danger to the community or a risk of flight," an IJ weighs "nine factors" including "any or all of the following": (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family

ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States. *Id.* at 784 (citing *Guerra*, 24 I. & N. Dec. at 40). When considering criminal activity, an IJ may rely on criminal arrests so long as the evidence supporting the charge is "probative and specific." *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1005 (N.D. Cal. 2018) (finding a due process violation where IJ relied on limited information from an arrest to justify denial of bond).

## III. Administrative Exhaustion Does Not Preclude Granting Petition

As a preliminary matter, Respondents argue that the Court should decline to review Petitioner's habeas challenge because he has appealed the immigration judge's bond determination to the BIA and is awaiting its decision. (ECF No. 9 at 8). This argument fails.

In the context of habeas corpus claims, exhaustion of administrative remedies is a prudential requirement rather than a jurisdictional one, as it is not explicitly required by statute. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). "Exhaustion can be either statutorily or judicially required. If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). Neither the habeas statute, 8 U.S.C. § 2241, nor the relevant sections of the Immigration and Nationality Act ("INA") require petitioners to exhaust administrative remedies before filing petitions for habeas corpus; accordingly, administrative exhaustion here is prudential and the Court has

discretion to waive it. *Id.* (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)).

Courts may waive prudential exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing*, 370 F.3d at 1000 (citation omitted). Petitioner bears the burden of demonstrating at least one of the *Laing* factors applies. *See Ortega Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018).

Petitioner argues that waiting for the BIA to decide his appeal would be futile because the record before the BIA is erroneous, the appeal process takes months, and, in the meantime, he suffers ongoing, irreparable injuries. (ECF No. 10 at 14–15). Under this argument, his appeal is futile because the IJ and Respondents rely upon incorrect information about his conviction history. (*Id.* at 15). Because the BIA will determine the appeal based on written submissions, Petitioner would be forced to "prove the non-existence of a fact" affirmatively stated by the I-213 and written bond denial order. *Id.* Additionally, Petitioner asserts that he suffers ongoing and irreparable injury from continued his continued months-long detention that "vitiate[s]" his constitutional rights. *Id.* (citing *Singh v. Janecka*, 5:26-cv-01414-ACCV, 2026 U.S. Dist. LEXIS 95798, *16-17 (C.D. Cal. Apr. 29, 2026)).

For reasons such as these, district courts in the Ninth Circuit routinely waive prudential exhaustion requirements for noncitizens facing prolonged detention while awaiting administrative appeals. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1243–54 (W.D. Wash. 2025) (collecting cases). The Court finds Petitioner's arguments persuasive and thus finds waiver of prudential exhaustion is appropriate in this case.

## IV. Due Process Entitles Petitioner to a Constitutionally Adequate Bond Hearing

Both parties acknowledge, in their briefing and at oral argument, that Petitioner is detained under 28 U.S.C. § 1226(a) and was at least initially a member of the *Jacobo-Ramirez* class. *See Jacobo- Ramirez v. Mullin*, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026). Furthermore, Respondents conceded at oral argument that the Ninth Circuit's holding in *Rodriguez Vasquez* on detention under § 1226(a) controls this action. *See Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *1 (9th Cir. July 30, 2026). Under § 1226(a) and the class-wide declaratory judgment and vacatur order in *Jacobo-Ramirez*, Petitioner was entitled to a constitutionally adequate bond hearing. It is unclear from the record whether the IJ conducted the custody redetermination hearing under the authority of § 1226(a). For the reasons addressed below, Petitioner's due process rights were violated by an inadequate custody redetermination hearing for bond.

The Court will next address Petitioner's arguments that his due process rights were violated in the custody redetermination hearing by the IJ's: 1) erroneous analysis of the factors to find dangerousness to the community and 2) reliance on a non-existent drug trafficking conviction in reaching their bond denial decision. (*See* ECF No. 7). Both of these arguments provide independent grounds for granting Petitioner's petition. Because the Court grants the habeas petition on these grounds, it will not address the other claims raised by Petitioner in support of their petition.

### A. *Guerra* Factors

Petitioner's due process rights were violated by the IJ's application of an incorrect legal standard, because the IJ failed to consider the nine *Guerra* factors when reaching their bond denial decision. The aforementioned *Guerra* factors are

used by an IJ to determine if an immigration detainee poses a danger to the community. *See Martinez*, 124 F.4th at 783. In *Doroteo-Chavez v. Noem*, this District held that an IJ's failure to "reference or reflect consideration of the [*Guerra*] factors" was an abuse of discretion, because the IJ "did not provide the basis for the bond determination based on the relevant factors, and denied bond based only on the conclusory statement that Petitioner 'has not demonstrated he is not a flight risk.'" 2026 WL 1031190 at *7 (D. Nev. Apr. 16, 2026).

The record indicates that the IJ abused their discretion by applying an incorrect legal standard to the facts of Petitioner's request for bond. In this case, the IJ's verbal and written decisions were based solely on Petitioner's criminal record without reference to other factors. First, the IJ verbally justified their bond denial, because "with that criminal record," Petitioner had not demonstrated that they did not pose a danger to the community. (ECF No. 15). Second, the IJ denied bond in their written order because of Petitioner's "criminal history" of a reckless driving and drug trafficking conviction, and Petitioner's failure to demonstrate his lack of dangerousness. (ECF 7-3). Just as the *Doroteo-Chavez* court found that the IJ abused their discretion by only considering one *Guerra* factor and offering conclusory statements, so did the IJ here only consider Petitioner's criminal record and their failure to disprove dangerousness. While this Court will not assess the outcome of the *Guerra* factors analysis here, it notes that Petitioner has raised several arguments for the IJ to consider upon a custody redetermination hearing. (*See* ECF No. 7 at 19–21).

**B. Drug Trafficking Conviction**

Petitioner is entitled to relief on the independent basis that the written

order denying him bond was wrongfully predicated on a non-existent drug trafficking conviction.

"'There cannot be a correct application of a standard to a set of facts when the facts relied on are incorrect.'" *Cardenas v. Blanche*, 2026 WL 2110631 at *4 (D. Nev. July 21, 2026) (citing *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *11 (W.D. Wash. Apr. 9, 2026)). In *Cardenas*, a court in this District found that an IJ incorrectly applied the legal standard to facts when only considering one *Guerra* factor (criminal record) and relying upon incorrect information about petitioner's conviction record. *Id.* at *3–4 (IJ basing finding on non-existent DUI conviction and incorrectly represented drug possession conviction). Because the IJ relied on "'materially false information'" in their bond denial order, the Court found that petitioner's due process rights were violated. *Id.* (citing *Montero-Martinez v. Mattos*, 2026 WL 674497 at *2 (D. Nev. Mar. 9, 2026)).

Petitioner is entitled to a bond hearing determination based on fully accurate information about his criminal record. Even if the IJ verbally concluded that Petitioner did not have a drug trafficking conviction (*see* ECF No. 15), their subsequent written order raises questions about the accuracy of their bond denial, because this decision specifically relies upon a Class B felony in "trafficking in controlled substance." (ECF No. 7-3). This felony conviction is "material" to a finding of dangerousness and false.

**V. Remedy**

Both Petitioner and Respondents agree that as a member of the *Jacobo-Ramirez* class, Petitioner was entitled to a constitutionally adequate bond hearing. Where the parties differ is if the custody redetermination hearing sufficiently protected Petitioner's due process rights. Given the aforementioned errors in considering the *Guerra* factors and a non-existent conviction, the Court

finds that Petitioner's due process rights were violated. Courts in this district have ruled that members of the *Jacobo-Ramirez* class are entitled to equitable relief under their habeas petitions, which may take the form of a constitutionally adequate bond hearing in which the "government must prove, by clear and convincing evidence, that Petitioner's civil detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings." *Changyi v. Levya*, 2026 WL 1453528 at *4 (D. Nev. May 21, 2026).

**VI. Conclusion**

It is therefore ordered that the Amended Petition (ECF No. 7) is GRANTED.

It is further ordered that Respondents must provide Petitioner with a constitutionally adequate bond hearing where the government bears the burden of establishing dangerousness or flight risk by clear and convincing evidence no later than October 1, 2026.

If a bond hearing is not provided by October 1, 2026, Petitioner is to be immediately released from custody.

It is further ordered that the parties must file a joint status report within ten (10) days of providing Petitioner with a bond determination hearing.

It is further ordered that if bond is denied, Respondents must: 1) attach the order of the immigration court to the joint status report and 2) provide the contemporaneous record of the bond hearing to Petitioner immediately upon request.

DATED: September 17, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE